UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

CHARLLO MELVIN,

_____,

_____,

*(Write the full name of each Plaintiff filing this complaint. If there is insufficient space to list the names of all Plaintiffs, please write "see attached" in the space above and attach an additional page with a full list of names.)*

Case No.: 5:25 cv 86-MCR-MJF
*(To be filled in by the Clerk's Office)*

v.

PROGRESSIVE SELECT INS. CO

JENNIFER SULLIVAN et al

*(Write the full name of each Defendant who is being sued in this complaint. If there is insufficient space to list the names of all Defendants, please write "see attached" in the space above and attach an additional page with a full list of names.)*

SEE ATTACHED

**Jury Trial Requested?**
☒ YES   ☐ NO

FILED USDC FLND PN
APR 7 '25 AM 11:34

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

1. Plaintiff's Name: **CHARITO MELVIN**

   Address: **9503 A CLARENCE STREET**

   City, State, and Zip Code: **PANAMA CITY FLA 32407**

   Telephone: **850 276 4795** *(Home)* _____ *(Cell)*

2. Plaintiff's Name: _____

   Address: _____

   City, State, and Zip Code: _____

   Telephone: _____ *(Home)* _____ *(Cell)*

   *(Provide this information for any additional Plaintiffs in this case by attaching additional pages, as needed.)*

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: PROGRESSIVE SELECT INSURANCE CO.

   Official Position: COMPANY

   Employed at: _____

   Mailing Address: _____

   ☑ Sued in Individual Capacity      ☑ Sued in Official Capacity

2. Defendant's Name: JENNIFER SULLIVAN / et al.

   Official Position: See attached.

   Employed at: Cour Allison et all.

   Mailing Address: _____

   ☑ Sued in Individual Capacity      ☐ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

## DEFENDANTS

Progressive insurance company ohio   6300 Wilson Mills Rd, Mayfield Village, OH 44143 [2].
 Progressive's corporate office at 1-440-461-5000 [3][2]

Jennifer Sullivan
Carr Alison
305 South gadsden street Tallahassee fl 32301 850222 2107

Garnesh Chatani
Banker lopez f111 N,calhoun street
Tallahassee fl 32301 850 681 4229


Bill Kinsaul
Bay County Courthouse
300 East 4th Street
, Panama City, Florida 32401,
850-747-5102.

Paul Ricci 140 heather Drive
Pc beach Fl 32444


N.J Ricci
140 Heather Drive
Pc beach Fl 32444

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☐ State/Local Officials (*§ 1983 case*)

## III. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum***. You may make copies of the following page if necessary to supply all of the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. ***Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.***

RECKLESS ENDAGEMENT BY INTERFERRING WITH VEHICLE BRAKING SYSTEM AND ALLOWING USDOLE TO HIT WHO WAS TEXTING AT TIME OF ACCIDENT.

LYING TO POLICE OFFICE

## Factual Allegations, Continued *(Page ___ of ___)*

BREACH OF CONTRACT

FRIVOLOUS MOTIONS, PERJURY - EXTORTION

NO NOTICE OF APPEARANE · RACKETEERING.

NO FREEDOM OF INFORATION RESPONSE

VIOLATION OF US COVID RULES ON SERVICE

DENIAL OF INTERPRETER / COURT ORDERED ATTY.

VIOATION OF US CONSTITUTION

7th amendmat

14th  "

1st  "

## IV. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See attached

## V. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought, explaining the basis for the claims.

FINANCIAL COMPENSATION FOR PERSONAL INJURY AND PROPERTY DAMAGE. EMOTIONAL AND PHYSICAL PAIN FOR TIMELY TREATMENT LACK — LOSS OF EARNINGS. LOSS OF JOB. PUNITIVE DAMAGES FOR MALICIOUS DELAYS. JURY TRIAL!

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: April 2025    Plaintiff's Signature: Charles Melvin

Printed Name of Plaintiff: CHARLTO MELVIN

Address: 9503 A Clarence St.
Panama City Beach, Florida 32407

E-Mail Address: None

Telephone Number: _____860 276 4719_____

*(Additional signature page(s) must be attached if there is more than one Plaintiff.)*

## N
## III STATEMENT PF FACTS

1. Reckless endangerment (automotive condition unsafe): 18 U.S.C. § 33 (Destruction of aircraft or motor vehicles) or 18 U.S.C. § 1361 (Willful injury of property or personal injury)

2. 18 U.S.C. § 1001 (False statements to plice officer)

3. Breach of contract: involving interstate commerce (e.g., 15 U.S.C. § 1 et seq.)

4. Concealment of death of party: 18 U.S.C. § 1519 (Destruction, alteration, or falsification of records)

5. Concealment and destruction of court evidence: 18 U.S.C. § 1503  18 U.S.C. § 1519

6. Fraud on court: 18 U.S.C. § 1341 (Mail fraud) or 18 U.S.C. § 1343 (Wire fraud)

7. Rule 11: Federal Rule of Civil Procedure 11 (Sanctions for frivolous claims)

8. Perjury in a legal proceeding: 18 U.S.C. § 1621

9. Extortion by US mail: 18 U.S.C. § 876

10. Attorney Chatani appears in trial without notice to court: Violation of Federal Rule of Civil Procedure 5 (Service and filing)

11. Racketeering: 18 U.S.C. § 1961 et seq. (Corrupt Organizations Act)

12. Ignoring Freedom of Information requests: 5 U.S.C. § 552 (Freedom of Information Act)

13. Breaking US rules on service during COVID: Violation of Federal Rule of Civil Procedure 4 (Summons) or specific COVID-related executive orders

14. Denial of interpreter and court representation for elderly Filipino person with limited English: Violation of 28 U.S.C. § 1827 (Interpreters in court proceedings) or the Court Interpreters Act

15. Denial of court transcript to above person: Violation of 28 U.S.C. § 753 (Court reporters and transcripts)

15.- 7th Amendment (right to trial by jury in civil cases)

16, 14th Amendment (equal protection, due process) t unequal treatment, denial of interpreter services or court representation for individuals with limited English proficiency.

17,- 1st Amendment (freedom of speech, petition) for issues related to freedom of information requests or court proceedings.violation of FS fs 90,606 4th Amendment (protection against unreasonable searches and seizures) for concerns about privacy or due process.
- 5th Amendment (due process, self-incrimination) for issues related to court proceedings or

1. She was ordered not to make any further allegations of bad faith by Sullivan.
2. She was ordered to consolidate into one case even though covering diverse complaints from defamation to non payment of hospital bills.
3. Felon Sullivan was allowed to continue writing her highly subjective orders that were biased and antipathetic on behalf of Judge Goodman but not a reflection of the court's findings
4. Chatani insisted that he or another attorney be required to signoff on any motion or pleading by the plaintiff before filing.
5. Judge Goodman's overt hostility to Melvin in a recent court hearing induced a panic attack and a request was made to Judge Goodman to leave the court for health reasons. Judge Goodman consented but then continued the hearing in absentia in violation of her due process rights and a severe breach of discretion.
6. The hearing culminated in 8 different orders composed by felon Sullivan, all without a declaration that Judge Goodman consented to the plaintiff's withdrawal. Court filings will show these orders were sign by GOODMAN DURING A PERIOD OF FOUR MINUTES.
7. During the most recent hearing by zoom Melvin had signed into the court 15 minutes before the hearing began but at soon as Judge Goodman appeared in the court her transmission was blocked. After desperate attempt to resume her appearance she physically travelled to the courthouse but enroute Judge Goodman appeared on video and announced he had conducted the hearing in absentia once again and ruled against the plaintiff without any mention of the suspicious loss of transmission.
8. Unmistakably disturbing among the many and varied other incidents by Chatani, Sullivan and their cohorts the foregoing seven violations show a premeditated and patterned campaign by this covert group to delay, deny, and defend Melvin's claim and additionally to destroy her health by forcing to go without necessary treatment of her injuries.by any and all means whether lawful orl outside the law.

Melvin is 66 years old in poor health and had lost her job due to defendants' negligence.

In the five years of procrastination engineered by this group, Melvin has requested a jury trial to bring this matter to closure not less than eight times and implores this court to schedule such date in accordance with her seventh amendments rights so she receive funding for the medical attention she is need of.

Relief requested if therefore financial compensation in an amount determined by the jury for her injuries, loss of vehicle, emotional stress and loss of consortium of her family

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CIVIL RIGHTS COMPLAINT FORM FOR PRO SE (NON-PRISONER) LITIGANTS
IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

CHARITO MELVIN
v.
Progressive select insurance Company
Jennifer Sullivan et al


**Diversity Jurisdiction** Breach of contract by Progressive The parties are diverse from Florida and Ohio, and the amount in controversy exceeds $75,000. Progressive failed to pay benefits and acted in bad faith.

**Federal question jurisdiction**: The claims arise under federal law, such as civil rights violation Bay County court officials by denying due process, access to Florida state courts ignoring Freedom of information request. False arrest and discrimination against a non native speaking ro se litigant and by refusing court representation and interpreter and withholding transcripts of hearings to which she is entitled. Denying her assistance in presenting her case when such assistance had been granted by case management and the unassailable rights to summon an indispensable witness before this court. Violation of constitutional due process and right to Jury trial, failure to sanction acts of perjury and extortion by defendant during official proceeding.


Additional causes of action due to negligence: of driver Paul Ricci who was texting and diving without brakes that caused the crash;
Negligence: of the vehicle owner Paul Ricci who was negligent and guilty of dangerous instrumentality and vicarious liability for rendering the vehicle dangerously unsafe and knowingly allowing a habitual traffic offender to drive it without adequate brakes.

Civil Rights violations by Perjury. Extortion, Concealing of death, destruction of of court evidence and Defamation by Keith Hall and with vicarious liability of Progressive. Organization and participation in an illegal enterprise by Jennifer Sullivan, Ganesh Chatani causing irreparable harm to the plaintiff,


**COMPLAINT**

Paul Ricci, a scrap metal dealer, had tried unsuccessfully to remedy the braking defect on his truck, yet Instead of seeking professional help knowingly allowed his son Nicholas Ricci to drive it in this unsafe condition resulting in a rear ended collision with Melvin's stationary vehicle

which he totalled and struck with such force that it pushed her into the rear of Shahid's front vehicle causing it over $6000 of damage.

Defendant Paul Ricci's amateur meddling with the brakes had weaponized the vehicle and he is directly and vicariously liable for Plaintiffs damages.

Paul Ricci was negligent in ownership and maintenance of the subject vehicle and granting authority for its usage to his son, an habitual traffic offender who admitted at the scene of the accident that it was the pre existing un roadworthy condition caused by his fathers Paul Ricci inept meddling that caused him to lose brakes.

NICHOLAS RICCI was negligent as the tortfeasor and the person responsible for the wrongful act that resulted in significant injuries to the plaintiff,

When he struck Ms. Melvin's Kia from behind she was stationary at an intersection in Panama City Beach on November 2nd 2020.

The impact totaled plaintiff's Kia car and forced her into the rear of the car in front a 2014 Mercedes .

Melvin required assistance to exit her crushed vehicle and witnessed Ricci admit liability to the investigating officer spontaneously attributing the accident to to his father's meddling with the brakes. He denied texting, stating his phone was dead.This deceitful statement made to law enforcement defeats any privilege. He continued to text as he left his vehicle and was joined within minutes by the female he had been messaging. The person who arrived became aggressive towards the two sheriff's deputies also in attendance and left the scene when threatened with arrest.

Ms Melvin was taken to BAY Medical hospital and when released the following day received a diagnosis of the spinal injuries she had sustained in the accident.

Later that day she learned Progressive had admitted full liability for the accident to the Florida Insurance commissioner yet was soon contacted by Mr. Shepherd of Progressive who declined to process her ongoing hospital medical expenses already incurred as she is an independent contractor although totally blameless for the accident

Mr.Shepherd caused her great distress, by questioning her citizenship and was clearly exhibiting lack of respect towards a non native person who was injured by their insured; a habitual traffic offender texting at the time of the collision

Nevertheless Progressive had already entered into a quasi contractual relationship with Shahid, the front car driver and promptly paid him off his straight third party non insured claim $6000

Two months later after plaintiff's protests about her unequal treatment of identical similar claim to Shahid on January 20th 2021 the plaintiff and Dennis Goodloe of Progressive agreed verbal contracts for the loss of the vehicle at the agreed figure of $5200 and "personal Inconvenience" payment of $5000 to enable Melvin to begin a series of chiropractic treatments to alleviate her increasing pain and obvious disability necessitating accommodations at her workplace.

The plaintiff immediately performed on her reliance of this verbal contract when she booked the chiropractic course which made the verbal contract with Progressive binding.

On February 2nd 2021 the plaintiff received written contracts from Progressive's Matthew Shepherd who enunciated this personal injury contract with the words "We have reached a settlement".
The plaintiff was further directed to send title documents and all vehicle keys with written transfer of ownership to Progressive by mail complied with and delivered toProgressive February 5th 2021
The plaintiff waited patiently for payment through February and all of March until, dismayed with the stonewalling, she filed a small claims suit for payment for her injuries.

The plaintiff has been denied compensation in the agreed amount of $5200 since the accident and was forced to pay storage charges of over $1000 to avoid sale by auction, Progressive agreed to pay charges on November 14 2020 yet hav not paid anything and having received the title and ownership of the plaintiff'sshe is unable to dispose of the vehicle without the documents conveyed to Progressive. Several requests for a duplicate title have been ignored by this court along with the initial agreed settlement which has a estimated value of $11,000 including interest as Progressive's agreement continues without rescission and therefore in breach of contract.


Paul Ricci, the driver allegedly died on April 9 2021 yet no suggestion of death or death certificate was filed and the plaintiff had not been informed as the law requires, particularly when the lawsuit had been filed six weeks previously and served on the defendant.
The plaintiff understands this court now has the jurisdiction to order substitution commence immediately due to the fraudulent concealment of the driver's demise by Progressive.

The fraud of the concealed death precipitated a web of fraud and deceit hatched by Chatanl and Sullivan to create a group enterprise intent on depriving Ms. Melvin of her just compensation.
The chief architects this unlawful group are counsels Jennifer Sullivan and Ganesh Chatani who conspired to establish a pattern of criminal behavior individually and collectively to defraud the plaintiff.
Paul Ricci and claims manager Keith Hall were also instrumental actors in this conspiracy, both actively complicit and instrumental in the implementation of these various acts of fraud by the group.
. Together they established a pattern of criminal acts to shield their responsibilities to pay a claim after accepting liability " a third degree felony."

    1 The death of the driver Nicholas Ricci was concealed by counsel for

Riici family Ganesh Chatani to prevent the plaintiff from filing a timely substitution on the deceased which they would have done had they been informed of a "suggestion of death" which was their legal right. A criminal misdemeanor of first degree.

Chatani then turned his attention to protecting the father Paul Ricci who had weaponized the unsafe vehicle and by default protecting the wealth of Progressive.

Chatani was acting throughout this charade without notice of appearance but convinced Judge Dyer in the small claims case to overlook the discovery request for a forensic inspection of the vehicle as :"irrelevant" and declined to reveal where it was and in whose possession. There has been no disclosure whatsoever about its whereabouts but as recently as this month Sullivan persuaded Judge Goodman to issue a court order depriving the plaintiff of making ANY attempt to bring the owners of Discount Towing to court by declaring it "a waste of their time!"

The truck and the evidence of Riccis' dangerous instrumentality has disappeared under the nose of the court who apparently wish to keep it that way and protect the guilty.

If the court had taken the trouble and reviewed the police report the truth would have emerged.

2 In concert with illegal concealment Sullivan filed, but neglected to serve a motion to allege immunity from this suit by virtue of the non-joinder exclusion which mandates that the injured plaintiff must first obtain a judgement against the driver before suing the insurance company.

She filed this fraudulent motion 77 days after Progressive agreed written contracts for settlement and counsel must certainly have known this before her fraudulent motion for dismissal. She also failed to serve the plaintiff until moments before the pre trail hearing was due to start and she inveigled a collegial permission to file an ex parte motion to replace this scheduled hearing in the full knowledge that the plaintiff was waiting in the clerk's office in the courthouse talking to clerk Michelle Collier who had called down to the court room to check that no hearing had been scheduled for Sullivan's motion to dismiss as the plaintiff had not been served.

The plaintiff protested settlements were already agreed and memorialised in writing but received no relief from Judge Dyer although he recused himself after the hearing yet still unwilling to vacate his collegial and improper order to dismiss.

The court states clearly this writ of prohibition is appropriate when a lower court judge is without jurisdiction as in the case law referenced. English V McCrary. The court acted on an ex parte motion filed moments before the plaintiff's entered the court room and Judge Dyer was informed on two occasions he was acting without personal jurisdiction without service of process coercing the plaintiffs into a limited special appearance.,This was precisely synchronized with Chatani concealing the driver's death.

Sullivan also knew full well that contracts for settlement were in place since January and legally binding yet she flouted Rule 11 with this fraud on the court.

When a confused Progressive claims manager Keith Hall admitted to Judge Dyer that contacts were in fact in place, Sullivan committed perjury in her affidavit inferring in a premeditated deceitful omission that Hall had never even been in court let alone told the truth.

3 Chatani then announced a dead man could not be sued and persuaded Judge Dyer to ignore the court ordered subpoenas of Goodloe, who wrote the contracts; Shahid the front car owner who had been paid off hypocritically ignoring the "non-joinder" defense used against the plaintiff; Discount Towing Company who claimed they had no knowledge of this vehicle despite the Highway Patrol confirmation they did and entered as such in the police report. This denial apparently now supported by Judge Goodman, Judge Dyer and reinforced under oath by Chatani must be investigated by Highway patrol investigators and if found to be false Discount should be removed from the list of trusted crash recovery agents and prosecuted for their falsehood.

4 This Association-in-Fact then resorted to torment the Plaintiff's family slandering the plaintiff and inferring that her son in law Phillip Mercer was concealing evidence that Melvin had filed a fraudulent claim as a policy holder at his address.
 Keth Hall and his accomplice Roinica Amor bombarded Mercer with calls and letters claiming Melvin had received payment to which she was not entitled and that she would be arrested if the funds were not returned.
Melvin had provided details of her actual address to Progressive in writing on November 14th,2020 and Hall and Armore's "fishing trip' caused an acrimonious breakdown in the relationship between the plaintiff and her daughter Elizabeth and discord in Mr.Mercer's marriage. The check in question was not received by Melvin until weeks later and remains uncashed to this day and available for review by this court.

5 Sullivan published a threatening letter warning Melvin of "unspecified consequences" unless she retracted the complaint of perjury in a civil proceeding.
At a purported pre trial hearing Sullivan persuaded Judge Dyer to arrest Melvin and to read her the Miranda rights.
Melvin was released without charge and two written "freedom of information" requests for details of the participants in this kangaroo court (including a court reporter) were ignored by court administrator Bill Kindaul.
 Sullivan composed a fraudulent order alleging Melvin had threatened the judge as a reason for the arrest although she was not allowed to speak or protest her innocence during the entire miserable episode. Melvin did request an attorney as she had been arrested but Judge Dyer denied.

6. Counsel Chatani continued the vexatious and fabricated claim that Melvin had in fact received this payment for P.I.P form Progressive and applied for summary

judgment. Fortunately the judge uncovered the lies perpetuated by this felon Chatani and dismissed the case although great emotional harm was again foisted on victim Melvin by this fraudulent ring to diminish her case by any means they could use to protect the wealth of the insurance company.

7. This unlawful association of court administrators, corrupt attorneys and insurance officials conspired to manipulate the court system unfairly and to their advantage eliciting orders from Judges Dyer, Campbell, Judge Smiley and Goodman that violated the minimum standards of fairness an unrepresented pro se filipino might expect as promised under the Florida and US constitution.

In particular, after exhausting her savings Judge Dyer begrudgingly intervened to restrict her indigence and ordered that further requests be denied whether in accordance with FS 57 or not. He continued tho thwart Melvin by supplementing this order with a blanket ban on any individual seeking to assist Melvin was to be blocked from filing an indigence affidavit whether they qualified or not.

JudgeSmiley quashed service of process on Ricci and overturned US emergency rules for service during Covid promulgated by US District Courts and quashed process of service in accordance with previous state law. Service on Ricci should now be reinstated,

All aforementioned judges had denied pro se Melvin court appointed representation and an interpreter also. Felons Sullivan and Chatani even tried to impose a spanish interpreter in one court proceeding who had no knowledge of Ilocano, the most popular version of the Tagalog group of languages spoken by Melvin. The most cursory research will show that Spanish ceased to be the language of the Philippines in 1926, but Judge Goodman's response was to ask the plaintiff' Do you really need an interpreter?"

Rather than deal with Melvins many and varied complaints about the proven criminal activity of the group and Sullivan in particular Judge Goodman issued the following orders restricting Melvins access to the courtesy and in clear violation of her civil rights.

The plaintiff has filed this initial complaint without exhibits, dates and evidence that prove her complaint but reserves the right to fully amend this complaint on direction from this court to include case law and all causes of action supported by federal and state insurance law.

Charito Melvin

*[signature]*

4/4/25

9503A CLARENCE ST. PANAMA CITY FLORIDA 32405

Retail
U.S. POSTAGE PAID
FCM LG ENV
PANAMA CITY BEACH
FL 32407
APR 05, 2025
$2.59
32502
RDC 99
S2324D501441-51

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT

One north Palafox St.

Pensacola, FL 32502

